HARRIS, J.
Green was convicted of the sale of cocaine. The only issue on appeal which we find to have merit is that the informer participating in the sting operation was permitted to testify that someone other than the State had threatened her. Specifically the witness was asked:
STATE: Ms. McCurley, have- you received threats specifically regarding this case?
McCURLEY: Yes, I have.
STATE: And have they come from people other than law enforcement officers?
.MeCURLEY: Yes.
The facts indicate that shortly before her testimony, the witness was questioned by defense counsel concerning identification of the defendant. During that questioning, counsel made statements which could be construed as threatening and the witness found them to be threatening. *964 The State moved for sanctions against defense counsel which the trial court denied.
We find the questions and answers relating to the threat to be highly prejudicial and reverse. First, there is no indication that the defendant knew about or approved the “threat.” Second, the witness did not change her testimony in any way so that her credibility was not affected by testimony concerning the threat. Third, even if the testimony was admissible, the prejudice outweighs the probative value.
REVERSED.
SHARP, W., J., and LAMBERT, B., Associate Judge, concur.